*Walker, Cofer*, for appellant.

*Kincheloe & Lewis*, for appellee. .

---

## PRATHER & SMITH *v*. J. WILSON & Co.

**Tender—When not Regarded as Payment.**

A tender of the residue of goods purchased but not received, cannot be regarded as a payment, though they were afterwards sold by the assignee and the proceeds applied to the payment of other creditors, appellants only receiving their ratable portion.

**Trial—Instructions—Objections.**

To avail himself of an error in an instruction, the party against whom it is given, must obect to it when it is offered, and if given, except to the ruling of the court.

**Same**

Where a litigant asks for an instruction, which is given by the court, he cannot afterwards complain, although it is erroneous.

APPEAL FROM WOODFORD CIRCUIT COURT.

January 21, 1871.

OPINION OF THE COURT BY JUDGE PRYOR:

There is no evidence of any payment of the debt sued upon except the $814.62, the value of the goods returned, and $45.25 paid by Walsh as their *pro rata* of the proceeds of the sales of the property assigned for the payment of their debts by appellees.

The tender of the residue of the goods purchased by appellees from appellants, and not received by them can not be regarded as a payment, because they were afterwards sold by the assignee and the proceeds were applied to the payment of other creditors, appellants only receiving their ratiable portion thereof. There is, therefore, no evidence to sustain the verdict.

The instructions, as asked by appellants, appear to have been given, and if they did not present the law of the case they have no right to complain, and even if the instruction given at the instance of appellees was erroneous, the ruling of the court in giving it does not seem to have been excepted to. This court has so often decided that to avail himself of an error in an instruction, the party against whom it is given, must object to it when *it is offered,* and if it is then given over his objections, he must then except to the ruling of the court in giving it, that it would seem useless to repeat it. And still this ruling is in a majority of cases, as in this, disregarded. We can not consider any error if there be one in giving the instruction as asked by appellees. But as in our opinion the verdict is not sustained by the evidence, the court below should have awarded a new trial to appellants.

Wherefore, the judgment is *reversed,* and the cause is remanded for a new trial and for further proceedings consistent herewith.

*Field & Twyman, for appellant.*

*Porter, for appellee.*